Good morning, may it please the Court. I would like to reserve four minutes for rebuttal, please. Jane Martinez My name is Jane Martinez and I represent the appellant Jeffrey Hout. I would like to turn first to the Court's first question of the status of the state post-conviction relief case. Mr. Hout filed the appellant's brief on October 6th of this year. The state's brief in that case is due in May of 2023 and then after the Court of Appeals, it's very difficult to try to determine how many months it will take for the Court of Appeals to decide. But one point that I wanted to bring up is even after that round of post-conviction relief is over, under Alaska law, Mr. Hout may be that is the Alaska law provides for representation, that is effective representation, constitutionally guaranteed representation during the post-conviction relief proceeding. And so if Mr. Hout does not get any relief in his state post-conviction case under Alaska law, he can actually file an ineffective assistance counsel claim, arguing that his attorneys who represented him during post-conviction relief were ineffective. And Mr. Hout's jacket five in the district court asserted that although he had raised that he had identified multiple issues that he wanted to have his post-conviction attorneys pursue, that they are only exhausting one of those. And so the question of where the status of the state post-conviction case is, it is very difficult to determine when that case will be over, but it could be quite some time. But isn't it clear that during the entirety of the pendency of these post-conviction relief proceedings in the Alaska courts, that the one-year statute of limitations federally is told as to all claims? That is correct. If that's true, then how could there be any prejudice or even any error from the court's refusal to do anything? If it was a mixed petition, he dismissed it, there's no harm. You just come back when the clock starts running. It is true that the clock has not started running in this case. None of that. You have the full year to go. That's correct. That's correct. But we would ask that the district court, the district court had offered the pro se appellant three options, including to ask for a stay while he concludes his state post-conviction relief proceedings. And he did request that option, that the case be stayed, and we were asking the district court to consider it because of the dangers of treading in habeas land, especially as a pro se litigant. But we just established there's no danger. He has the full year. So he's no different from anyone who hadn't filed at all, as opposed to filing an improper mixed petition. He does have the full year. That is correct. And he is asking the court to consider his stay because his position is that it is safer to have his case docketed and not miss any of these very strict deadlines. Do you read Rines then as establishing the proposition that everyone who's doing a state appeal can waltz into federal court and put placeholder suits and clog them up with that in the possibility that the whole year, which remains to run, might trip them up? Well, I believe that anyone could make that request, and it is up to the discretion of the district court. It's obviously not meritorious if the full year is running. Why burden district courts with stay requests that anyone could file in every single case and then ask for an exercise of discretion that has no basis in law? So the district courts, there have been district courts in Alaska that have granted the stays in these cases, perhaps because of how perilous it is for pro se litigants to navigate through all of the deadlines with various attorneys who come and go. And I'll just give you one example, Lampley v. Schmidt, which is 2013 Westlaw 570-6841. The appellant in that case was in a similar position to Mr. Haut in that he was pursuing a Grinnell's claim, and the district court stayed the case so that he could continue that and have his federal case basically docketed but stayed. And then when the state case is over, it was generally my understanding is when the state case is concluded, then the attorney has the responsibility of contacting the court and advising the court that the underlying case has been completed and that the stay should be lifted in the incident cases. So does a Grinnell's claim, is there any case saying that a Grinnell's claim does not toll the statute of limitation under D.E. 1? There is not a case stating that it does or that it doesn't, and that is also a danger that we don't know. A Grinnell's claim is in abundance of caution if the federal court doesn't know whether that counts as, I guess, a pending state case for purposes of D.E. 1 might say, well, we don't know one way or the other, so we would stay the time for the EDPA statute of limitations. We'll accept your complaint and stay it pending the running of the Grinnell's claim, but we're not in that position right now because the Grinnell's claim has not been brought at this point. We're still with the appeal of the denial of the PCR claim, isn't that right? That is the stage that we are in, that is correct. Okay. When that's done, he could come back and then file and then ask for a stay saying, well, I don't know about Grinnell, and I don't know how that interacts with the tolling, and I don't want to take the chance, so now, you know, stay this while I pursue that. Yes, he could do that. Okay. The court had also indicated that it wanted the parties to address Telema v. Long and 28 U.S.C. 2244-D2, and we may have already addressed that by stating our position that any state postconviction proceeding that challenges the underlying judgment in the initial case should toll the statute of limitations in his federal claim. Do you want to save the rest of your time? Yes, please. All right, we'll hear from the government. May it please the court? My name is Diane Wendlandt, and I represent the respondent, Earl Hauser. There's one question that's been certified, and that's the whether or not Judge Singleton erred when he dismissed Mr. Houtt's habeas petition without expressly addressing a state request. So do you agree that the current pendency of the PCR proceedings in state court on appeal, that that tolls the running of the one-year statute as to all claims, and that no portion of the one-year statute has yet run? Absolutely. Yes, Your Honor. The original state PCR was filed before the direct appeal became final, so the federal statute never ran at that point, and the state PCR is ongoing. It's now on the appeal level, and I could not find any reason why the statute would not have been tolled for this entire period. So it's our position that Mr. Houtt still has the full one year, and will have the full one year, once his state PCR appeal is completed. And so if he comes back within that one-year period, they can use the transcript of this argument to verify that the state agrees that that petition is timely, as to all claims? Yes. Yes, Your Honor, absolutely. And I looked at TLEMA, and it's my reading of TLEMA that is the correct response, that yes, in fact, the statute was tolled. I wasn't sure where else this might be heading, but I don't see any particular argument at this point to overrule TLEMA, and we certainly are not arguing for that. And under TLEMA, the entire statute, in the length of the time, has been, in fact, tolled. So at this point, I want to point out that the state was not involved in this case in the district court. Judge Singleton did the Habeas Rule 4 review and screening, and decided this without requesting an answer from a respondent. As a result, we don't really have a record. The other problem is that, although Judge Singleton had explained exactly what needed to be shown in order to obtain a RINES stay, Mr. Haut did not comply with that. But all of that is moot at this point, because it is respondent's position that, regardless of whether or not Mr. Haut could present evidence to establish the RINES factors, there was no abuse of discretion here. RINES is not a right. It is up to the judge, and the judge can exercise the judge's discretion in those circumstances. And here, where you don't even have a statute of limitations that's begun to run, there is no need for a RINES stay. And all you're really doing is dumping this case onto the federal court's docket for no reason at all. And so that is our position. I'd be glad to answer any further questions you may have. But other than that, I'm not quite sure what more I can say. Counsel? Counsel, I got the impression from opposing counsel that there are petitioners, and I'm going to assume many of them pro se, who file these petitions when they don't need to because they just don't understand the law. They've been told by a fellow prisoner, you better watch the technicalities or you're going to get poured out. Could we have a situation where, in this case, today's case, we affirm, because there was no error under RINES, but it would be the district judge's discretion to keep a case and just stay and obey? It wouldn't be error not to, but it could be within the judge's discretion to do it. Yes, Your Honor. And we see judges sometimes do that. I mean, the judge looks at the entire case and makes a judgment call. And I am not arguing that that could never happen. We are simply arguing that it was not error in this case for the judge to say, no, we don't need a stay. Because RINES itself really was not dealing with a situation as here where the EDPA limitations period had not even begun to run. It's a different set of circumstances, correct? That's correct, yes, Your Honor. And in fact, in RINES, you had the collision of essentially the one-year statute of limitations and the idea of exhaustion. And the fact, the critical fact was that often in these cases where RINES stays are appropriate, the state post-conviction relief action has ended at some point. And the federal court may require a year, two years before it actually gets to the exhaustion issue and ends up making this decision to dismiss after the one-year limitations period has already run. And in those cases, it is fair to say, look, we should not dismiss this because dismissal without prejudice will actually be dismissal with prejudice. But here we don't have any of that because the statute of limitations here has not begun to run. Other questions? If there are no further questions, I would simply thank you and ask for you to affirm the decision here. Thank you. Thank you. And Ms. Martinez, I think you have a couple of minutes. Okay. I will respond to the point that it is the judge's discretion and that's not disputed. But I will point out that this not only has this case gone through multiple, multiple attorneys, it has also gone through several judges. And so Judge Singleton, I don't believe is going to be, I believe Judge Gleason has the case now. And so these issues of whether a Grinnell's claim will be argued that it's a successive claim or some other issue that might come up, it can be very, very perilous. And that may be the reason why the court offered that as an option to consider. And we would just ask that it be remanded to the district court to consider it in light of the fact that different parties in the future, months or possibly even years from now, who are arguing this case could dispute whether the Grinnell's claim tolls the time or some other factor that could run out his statute of limitations and make him not be able to pursue the merits of his claim. And if there are no further questions, then thank you for your time. Okay. We thank both parties for their argument. The case of Hout v. Hauser is submitted.
judges: IKUTA, COLLINS, Fitzwater